In re condemnation of lands for school purposes in the township of Hillside, Leander Brink, appellant,

*v.*

Dallas Flannagan, respondent.

[Submitted December 11th, 1916.　Decided June 18th, 1917.]

A judgment in attachment under the act of 1901 (*Comp. Stat. p. 132*) is ineffective as a lien against land conveyed by *bona fide* unrecorded deed made and delivered prior to the issue of the writ of attachment.

On appeal from the court of chancery.

*Mr. William R. Wilson,* for the appellant.

*Messrs. Vail & McLean,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The controversy is over the proceeds of lands taken in condemnation proceedings, which proceeds were paid into the court of chancery pursuant to the statute. Flannagan claims them under a judgment in an attachment suit against one McKoon, a former owner; Brink claims as holder of the title under McKoon by mesne conveyances.

The attachment was never executed against the lands in question. It was sued out of the supreme court in 1903 and writ issued to other counties, but not to Union county, where these lands are situate. Some two years before, in 1901, McKoon had conveyed the lands to one Decker, under whom Brink claims. The deed to Decker was not recorded until 1910. Meanwhile, Flannagan went on with his attachment suit and entered judgment therein on November 23d, 1904. He does not seem to have discovered the Union county lands until about 1914, when he applied to the supreme court to amend the return by including them in the attachment, but this application was denied on the ground that after judgment it came too late. The court intimated that the judgment itself was a lien on these lands, and this no doubt was the basis of the decision in the court of chancery that Flannagan, the attaching creditor, was entitled to the money.

We think that this ruling disregarded the language of the statute, which says (*Comp. Stat. p. 138 § 8*) that "the judgment is a lien on the defendant's lands acquired either before or after the entry thereof." To the inquiry whether these lands were "defendant's lands" at any time during the progress of the attachment suit, we answer that the case plainly shows that they were not; for they were conveyed away two years before it was begun, and there is no intimation that the conveyance was not a *bona fide* one. The master, in his report to the chancellor, puts the alleged lien of the judgment upon the ground that the deed had not been recorded. This would be correct in the case of a general judgment in a suit begun by

personal process, but in attachment the language of the act is different, as we have seen.

In *Garwood* v. *Garwood, 9 N. J. Law 183,* the question was whether a writ of attachment bound land that had been conveyed by unrecorded deed under a statute that provided it, should bind the property and estate of the defendant from the time of executing the same. It was held that it did not. A similar question arose in the court of chancery touching the priority of the writ as to a mortgage. *Campion* v. *Kille, 14 N. J. Eq. 229;* affirmed, in this court, *15 N. J. Eq. 476.* The statutes are in *pari materia,* and we see no reason to depart from decisions which have stood so long unquestioned.

It is true that there is in both cases cited an intimation of a different result if a judgment were in question; but those intimations were *obiter* and predicated on the language of the Conveyance act which, if inconsistent with the Attachment act of 1901, must be deemed superseded thereby.

Our conclusion is that a judgment in attachment under the act of 1901 is ineffective as a lien against land conveyed by *bona fide* unrecorded deed made and delivered prior to the issue of the writ of attachment. The decree of the court of chancery will be reversed, with instruction to award the fund in question to the holder of the title conveyed by McKoon to Decker.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—14.